Local Form 3015-1 (1/22)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Joseph Francis Monahan**
**Stacy Ann Monahan**

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated: **April 10, 2025**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 16 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 16 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 16 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE:** The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.

2.1  As of the date of this plan, the debtor has paid the trustee $**0.00**.

2.2  After the date of this plan, the debtor will pay the trustee:

| Plan payment | Start MM/YYYY | End MM/YYYY | Total |
|---|---|---|---|
| **$300.00** | **05/2025 (60 months)** | **04/2030** | **$18,000.00** |
| | | TOTAL: | **$18,000.00** |

2.3  The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4  The debtor will also pay the trustee **$0.00**.
2.5  The debtor will pay the trustee a total of $**18,000.00** [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 8 and 9 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $**1,800.00** [line 2.5 x .10].

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 7.

| | Creditor | Description of Property |
|---|---|---|
| **4.1** | **Gm Financial** | **Acct# xxxxxxxx6677**<br>**Opened 04/24**<br>**Lease** |

**Part 5. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**Part 6. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will pay the amount of default listed in the proof of claim on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.**

|     | Creditor | Amount of default | Monthly payment | Beginning in #mo./yr. | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | Total payments |
|-----|----------|-------------------|-----------------|-----------------------|---------------|--------------------|--------------------------------------------------|----------------|
| 6.1 | Mrc/united Wholesale M | $8,000.00 | Pro rata | 05/2025 | Pro rata | $8,000.00 | $ | $8,000.00 |
|     |          |                   |                 |                       |               |                    | TOTAL                                            | $8,000.00      |

**Part 7. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will pay the amount of default listed in the proof of claim in the amount allowed on the following claims. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| Creditor | Amount of default | Interest rate (if any) | Beginning in mo.yr | Monthly Payments | # of payments | Remaining Payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|----------|-------------------|------------------------|--------------------|------------------|---------------|--------------------|--------------------------------------------------|------------------|
| **-NONE-** |                 |                        |                    |                  |               |                    |                                                  |                  |
|          |                   |                        |                    |                  |               |                    | TOTAL                                            | $0.00            |

**Part 8. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5))** The trustee will pay, the amount set forth in the "Total Payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14.

| Creditor | Est. Claim amount | Secured claim amount | Int. Rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | = Total payments |
|----------|-------------------|----------------------|-----------|-------------------|----------------------|-----------------|---------------|--------------------|-------------------------------------------------|------------------|
|          |                   |                      |           | ☐                 |                      |                 |               |                    |                                                 |                  |
| **-NONE-** |                 |                      |           |                   |                      |                 |               |                    |                                                 |                  |
|          |                   |                      |           |                   |                      |                 |               |                    | TOTAL                                           | $0.00            |

**Part 9. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 12, Part 13, or Part 14. All following entries are estimates, except for interest rate. Unless otherwise specified in Part 16, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. §1325(a)(5)(B)(i).

| Creditor | Est. Secured Claim amount | Int. rate | Adq. Pro. (Check) | Beginning in mo./yr. | Monthly payment | # of Payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | Total payments |
|----------|----------------------------|-----------|-------------------|----------------------|-----------------|---------------|--------------------|-------------------------------------------------|----------------|
|          |                            |           | ☐                 |                      |                 |               |                    |                                                 |                |
| **-NONE-** |                          |           |                   |                      |                 |               |                    |                                                 |                |
|          |                            |           |                   |                      |                 |               |                    | TOTAL                                           | $0.00          |

**Part 10. PRIORITY CLAIMS (not including claims under Part 11):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

|  | Creditor | Claim Amount | Beginning in mo.yr. | Monthly payment | # of payments | Remaining payments | +amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|---|
| 10.1 | Attorney Fees | $3,000.00 | 05/2025 | $250.00 | 12 | $3,000.00 | $ | $3,000.00 |
| 10.2 | Internal Revenue Service | $700.00 | 05/2025 | Pro rata | Pro rata | $700.00 | $ | $700.00 |
| 10.3 | MN Dept of Revenue | $1.00 | 05/2025 | Pro rata | Pro rata | $1.00 | $ | $1.00 |
| 10.4 | New York State | $200.00 | 05/2025 | Pro rata | Pro rata | $200.00 | $ | $200.00 |
|  |  |  |  |  |  |  | TOTAL | $3,901.00 |

**Part 11. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the allowed portion of the priority amount listed in the proof of claim.

| Creditor | Claim amount | Beginning in mo./yr. | Monthly payment | # of payments | Remaining payments | + amount paid to date by Trustee (mod plan only) | =Total payments |
|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |
|  |  |  |  |  |  | TOTAL | $0.00 |

**Part 12. SEPARATE CLASSES OF UNSECURED CLAIMS —** In addition to the class of unsecured claims specified in Part 13, there shall be separate classes of non-priority unsecured creditors including the following. The trustee will pay the allowed portion of the nonpriority amount listed in the proof of claim. **All following entries are estimates.**

| Creditor | Undersecured claim amount | Interest Rate (if any) | Beginning in mo./yr. | Monthly Payment | # of Payments | Remaing payments | + amount paid to date by Trustee (mod plan only) | = Total payments |
|---|---|---|---|---|---|---|---|---|
| -NONE- |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  | TOTAL | $0.00 |

**Part 13. TIMELY FILED UNSECURED CLAIMS —** The trustee will pay holders of allowed non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 6, 7, 8, 9, 10, 11, and 12 their pro rata share of approximately $**4,299.00**  [line 2.5 minus totals in Parts 3, 6, 7, 8, 9, 10, 11, and 12].

13.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 8 and 9 are $**0.00**.

13.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 8 and 9) are $**198,627.00**.

13.3    Total estimated unsecured claims are $**198,627.00** [lines 13.1 + 13.2].

**Part 14. TARDILY-FILED UNSECURED CREDITORS —** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 6, 7, 8, 9, 10, 11, 12, and 13, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily filed claims remain subject to objection pursuant to 11 U.S.C. §502(b)(9).

**Part 15. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
|  | -NONE- |  |

**Part 16. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 16.1 | Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.<br><br>The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT.** Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.<br><br>Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 9, 15 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.<br><br>All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments. |
|---|---|

**SUMMARY OF PAYMENTS:**

| Class of Payment | | Amount to be paid |
|---|---|---|
| Payments by trustee [Part 3] | $ | **1,800.00** |
| Home mortgages in default [Part 6] | $ | **8,000.00** |
| Claims in Default [Part 7] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 8] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 9] | $ | **0.00** |
| Priority Claims [Part 10] | $ | **3,901.00** |
| Domestic support obligation claims [Part 11] | $ | **0.00** |
| Separate classes of unsecured claims [Part 12] | $ | **0.00** |
| Timely filed unsecured claims [Part 13] | $ | **4,299.00** |
| TOTAL (must equal line 2.5) | $ | **18,000.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 16.

Signed: **/s/ Wesley W. Scott**
          **Wesley W. Scott 0264787**
          Attorney for debtor

Signed: **/s/ Joseph Francis Monahan**
          **Joseph Francis Monahan**
          Debtor 1

Signed: **/s/ Stacy Ann Monahan**
          **Stacy Ann Monahan**
          Debtor 2 (if joint case)